UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY et al

        Plaintiffs,

        v.

MAH et al

        Defendants.

19-cv-2866 (ARR) (RML)

**Not for electronic or print publication**

**Opinion & Order**

ROSS, United States District Judge:

Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire & Casualty Insurance Company, and Allstate Property & Casualty Insurance Company ("Allstate") bring this lawsuit against several defendants, including Hackensack Surgery Center, LLC, ("HSC") alleging a fraudulent scheme by which the defendants obtained payment from plaintiffs for unnecessary medical procedures. HSC moved to dismiss. I will grant HSC's motion and dismiss HSC from this action for lack of personal jurisdiction, unless Allstate amends its complaint to plead facts supporting personal jurisdiction over HSC by November 8, 2019.

## BACKGROUND

HSC is an ambulatory care facility located in New Jersey. Compl. ¶ 31, ECF No. 1. It is organized as an LLC under New Jersey law and owned by members including Dr. Daniel Yoo and Dr. Richard Braver. *Id.*; Braver Decl. ¶ 2, ECF No. 44-2. HSC provides facility services for surgeries and injections that doctors perform on patients there and bills insurance for reimbursement of fees associated with these services. *See* Compl. ¶¶ 95–96.

1

Dr. Yoo also is an owner of Western Janeda Orthopedics of New Jersey, LLC ("Western Janeda"), which has offices in Queens, New York. *Id.* ¶¶ 90, 538 Dr. Yoo referred a number of patients from Western Janeda to HSC for medical procedures *Id.* ¶ 34. These patients were New York residents, who had been in motor vehicle accidents in New York state, and were covered by Allstate insurance under New York No-Fault law. *See* Ex. A, Pl.'s Mem. of Law in Opp'n to HSC Mot. to Dismiss ("Pl.'s Br"), ECF No. 45. Dr. Yoo "routinely failed to disclose" his ownership interest in HSC when he made these referrals. Compl. ¶ 135.

HSC sought reimbursement from Allstate to cover these service fees under New York's No-Fault Insurance laws. *Id.* ¶ 96. HSC claims it sent bills for its facility fees to Allstate's agents in Iowa, Wisconsin, and New Jersey, but never sent bills to New York. Braver Decl. ¶ 5. Allstate disputes this, and states that HSC sent bills both to its New York office and repositories in other states. *See* Fabrizio Decl. ¶ 9, ECF No. 45. Allstate investigates, adjusts, and makes payment decisions on New York No-Fault benefit claims from its New York offices. *See Id.* ¶ ¶ 7, 10.Allstate is an Illinois corporation. Compl. ¶ 51.

When Allstate denied or only partially paid HSC's claims, HSC initiated arbitrations in New York against Allstate under New York's No-Fault Insurance laws. *Id.* ¶ 145. To date, HSC has filed 140 such arbitrations against Allstate, and retained New York counsel for this purpose. Fabrizio Decl. ¶¶ 15–16.

Allstate filed this lawsuit on May 15, 2019 alleging a complex insurance fraud scheme involving several parties, included among them Dr. Yoo, Western Janeda, and HSC. *See* Compl. Allstate alleges that HSC was not entitled to reimbursement for any of the New York No-Fault claims it filed with Allstate because the medical procedures were unnecessary, the charges were inflated, and/or the patients were illegally referred by Dr. Yoo. *See id.* ¶¶ 31–35. Based on these

allegations, Allstate asserts causes of action against HSC for fraud and unjust enrichment, and seeks a declaratory judgment. Compl. ¶¶ 1022–1154. HSC moved to dismissed on the following grounds: (1) lack of personal jurisdiction; (2) lack of subject matter jurisdiction; (3) improper venue; and (4) failure to state a claim. This decision only reaches the first issue raised by HSC: personal jurisdiction.

## DISCUSSION

### A. Standard of Review

Defendant's motion for dismissal for lack of personal jurisdiction is made under Rule 12(b)(2). *See* Fed. R. Civ. P. 12(b)(2). Because "a 12(b)(2) motion is 'inherently a matter requiring the resolution of factual issues outside of the pleadings,'" on the question of personal jurisdiction, I "may rely on additional materials extrinsic to the complaint." *Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 508 n.1 (S.D.N.Y. 2016) (quoting *John Hancock Prop. & Cas. Ins. Co. v. Universale Reinsurance Co., Ltd.*, No. 91 CIV. 3644 (CES), 1992 WL 26765, at *1 n.1 (S.D.N.Y. Feb. 5, 1992)). "The plaintiff bears the burden of establishing personal jurisdiction over the defendant . . . , [but] when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing." *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993) (quoting *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990)). As such, I assume the truth of "[t]he allegations in the complaint . . . to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Seetransport*, 989 F.2d at 580 (quoting *Taylor*, 912 F.2d at 431).

### B. Personal Jurisdiction

"A district court must have a statutory basis for exercising personal jurisdiction" over a defendant. *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013). The propriety of the exercise of "personal jurisdiction is determined by the law of the state in which the court is located." *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010). The court's exercise of personal jurisdiction must also be "consistent with federal due process requirements." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

Here, the plaintiff first asserts that I have jurisdiction over HSC because HSC has consented to jurisdiction. *See* Pl.'s Br. 17. Initiating arbitration in New York can constitute consent to personal jurisdiction in New York. *See Prudential Secs. v. Pitchford*, 1995 WL 758812, at *2 (S.D.N.Y. Dec. 21, 1995). But that consent would not extend beyond the matter at issue in arbitration. Here, while HSC has pursued arbitrations in New York, it has not initiated arbitration in New York on this particular matter (Allstate's claims of fraud and unjust enrichment). Therefore, HSC has not consented to jurisdiction.

Plaintiff alternatively asserts that I have jurisdiction over the defendant under § 302(a)(3)(i) of the New York Civil Practice Law and Rules, which provides that

> a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state, . . . if he [] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

N.Y. C.P.L.R. § 302(a)(3)(i) (McKinney 2019); *see* Pl.'s Br. 18. Meeting this standard requires that Allstate make a prima facie case of both a tortious act by HSC causing injury in New York and sufficient conduct in New York to justify jurisdiction.

1. <u>Injury in New York</u>

"In order to show an injury in New York sufficient to establish specific jurisdiction under CPLR § 302(a)(3)(i)…courts use the 'injury-situs test.'" *Study Logic, LLC v. Farmer Bros. Co.*, No. 18-CV-1645 (RJD) (LB), 2019 WL 3412114, at *3 (E.D.N.Y. July 29, 2019) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001)). The injury-situs test asks courts to locate the "original event which caused the injury," as distinguished from both the "initial tort" and the "final economic injury and the felt consequences of the tort." *Bank Brussels Lambert*, 171 F.3d at 791. "In the case of fraud or breach of fiduciary duty committed in another state, the critical question is thus where the first effect of the tort was located that ultimately produced the final economic injury." *Id.* at 792.

Here, the alleged tortious act is HSC's fraudulently billing of Allstate from its office in New Jersey. Allstate agents then evaluated HSC's claims from their New York office. Fabrizio Decl. ¶ ¶ 7, 10. Therefore, The initial reliance on the allegedly fraudulent reimbursement requests occurred in New York, so that is where the first affect of the tort is located. Therefore, the first part of CPLR § 302(a)(3)(i) is met.

2. <u>Regular Business, Solicitation of Business or Other Persistent Course of Conduct in New York</u>

The second part of CPLR § 302(a)(3)(i) requires that the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in New York. Allstate alleges that HSC engages in a "persistent course of conduct" in New York by:

> (1) accepting patients who were New York residents; (2) accepting New York patients who were self-referred by Yoo (a partial owner of HSC) and caused to travel from New York to HSC for surgery; (3) accepting assignment of these patients' No-Fault benefits under New York policies; (4) submitting charges to Allstate seeking payment of No-Fault benefits under New York law, (5) engaging New York counsel to represent and

5

advocate for HSC in New York arbitrations (proceedings that were adjudicated under New York law); (6) filing at least 140 arbitrations against Allstate in the State of New York invoking the protections and benefits of New York law; (7) appearing, through counsel, at hearings held in these arbitrations, which were held at locations situated in New York; and (8) deriving substantial revenue from the treatment of New York patients steered to HSC by Yoo.

Def.'s Br. 22–23. Allstate's arguments generally fall into two theories: first, points (1) and (3)–(7) argue for jurisdiction based on HSC's treatment of New York patients with New York insurance, and second, points (2) and (8) argue for jurisdiction based on the actions of HSC part-owner Dr. Yoo in New York. Both of these arguments fail: the former on a legal basis and the latter on a factual basis.

    *i.*    *Medical Provider Accepting New York Insurance*

An out-of-state medical provider is not subject to New York long arm jurisdiction solely on the basis that it treats New York patients or accepts New York insurance. *See Yurasov-Lichtenberg v. Betz*, No. 15-CV-1430 (RRM) (MDG), 2016 WL 4544031, at *5–*6 (E.D.N.Y. Aug. 30, 2016) (rejecting arguments for personal jurisdiction over Florida medical providers where "the only alleged connection between defendants and New York is their participation in New York-based health insurance plans and their treatment of New York patients"); *Hylton v. N.Y. Methodist Hosp.*, 708 F. Supp. 2d 248, 252 (E.D.N.Y. 2009) ("New York's long-arm statute does not extend to New Jersey physicians merely on the basis of participation in a New York-based health insurance plan."); *Ingraham v. Carroll*, 90 N.Y.2d 592, 599 (N.Y. 1997) (affirming dismissal for lack of personal jurisdiction over Vermont doctor who treated a New York resident at his Vermont office); *Hermann v. Sharon Hosp., Inc.*, 135 A.D.2d 682, 683 (N.Y. 1987) (affirming dismissal for lack of personal jurisdiction over Connecticut hospital where "a sizeable portion of its patients reside in New York…due to the hospital's close geographical proximity to New York").

6

Many of Allstate's proposed bases for personal jurisdiction amount to the same arguments that courts have rejected. *See* Def.'s Br. 22–23. Neither accepting New York patients nor accepting New York insurance is a basis for long-arm jurisdiction. Submitting charges to the insurance company, arbitrating claims in New York, and retaining New York counsel for purposes of arbitration are all logical byproducts of treating New York patients and accepting New York insurance. New York's no-fault insurance scheme requires that disputes between medical providers and insurers be resolved through arbitration. *See* N.Y. Ins. Law § 5106(b) (McKinney 2019). If medical providers accept New York no-fault insurance, this will almost certainly necessitate at least some arbitration in New York State. These arbitrations are part of accepting New York patients with New York insurance, rather than a separate course of conduct. Therefore, under New York law, they do not invoke personal jurisdiction.

    ii.    *Conduct of LLC Member in New York*

Allstate's other support for personal jurisdiction over HSC comes from the conduct of HSC part-owner Dr. Yoo. Allstate cites *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 84 (2d Cir. 2018) for the proposition that: "It is well established that a defendant can 'purposefully avail itself of a forum by directing its agents…to take action there.'" Pl.'s Br. 23. But nowhere in its lengthy complaint or evidentiary submissions does Allstate allege that HSC directed Dr. Yoo to act as its agent in New York.

Allstate alleges that Dr. Yoo is a part-owner of HSC. But that does not mean that Dr. Yoo was acting on behalf of HSC when he referred patients from his Western Janeda practice. New Jersey law affirmatively states the opposite: "A member is not an agent of a limited liability company solely by reason of being a member." N.J. Stat. Ann. § 42:2C-27(a).

7

To be considered an agent for jurisdictional purposes, the alleged agent must have acted in the state "for the benefit of, and with the knowledge and consent of" the non-resident principal. *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d Cir.1981). The conduct of an LLC member can in some circumstances be attributed to the LLC for purposes of jurisdiction, but there must be additional facts alleged beyond the bare fact of being a part-owner. *See, e.g.,* = *New Media Holding Co. LLC v. Kagalovsky*, 949 N.Y.S.2d 22, 24 (N.Y. App. Div. 2012) (holding that Delaware LLC was subject to suit in New York based on controlling partner's negotiation of contract in New York where he acted with knowledge and consent of other partners); *cf. CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986) (holding that conduct of a partner in a partnership can be the basis of jurisdiction because New York law states that every partner is an agent of the partnership).

Allstate has the burden of pleading a prima facie case for jurisdiction. On a motion to dismiss, I draw all reasonable inferences in favor of the plaintiff, but Yoo's status as a part owner of HSC provides insufficient basis to reasonably infer that he was acting as agent of HSC in New York. If Allstate is confident that it is able to allege additional facts, and confident that it will ultimately be able to prove those facts by a preponderance of the evidence, it may amend its complaint to cure this jurisdictional defect.

## CONCLUSION

For the reasons stated in this opinion, I will grant HSC's motion and dismiss all claims against HSC, unless Allstate files an amended complaint curing the jurisdictional defect by November 8, 2019.

SO ORDERED.

Date:   October 25, 2019                                    _____/s/_____
Brooklyn, New York                                          Allyne R. Ross