UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY et al, <br><br> *Plaintiff*, <br><br> – against – <br><br> MAH et al, <br><br> *Defendants*. | **19-cv-2866 (ARR) (RML)** <br><br> **Not for Electronic or Print Publication** <br><br><br> **Opinion & Order** |

ROSS, United States District Judge:

On October 25, 2019, I issued an opinion stating that the plaintiffs in this action, Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire & Casualty Insurance Company, and Allstate Property & Casualty Insurance Company ("Allstate") had not adequately plead personal jurisdiction as to defendant Hackensack Surgery Center, LLC ("HSC"). *Allstate Ins. Co. v. Mah*, No. 19-cv-2866 (ARR) (RML), 2019 WL 5537589, at *1 (E.D.N.Y. Oct. 25, 2019). I provided Allstate an opportunity to cure the defect by amending its complaint. Plaintiff has declined to do so, and on November 11, 2019, instead filed a motion for reconsideration pursuant to Local Rule 6.3. *See* Pls.' Mot. Recons. 1, ECF No. 53. For the reasons set forth below, Allstate's motion for reconsideration is denied, and HSC's motion to dismiss is granted for lack of personal jurisdiction.

## DISCUSSION[1]

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). As such, "a request for reconsideration under Local Rule 6.3 . . . must point to controlling law or factual matters put before the court in its decision on the

---

[1] The factual background of this case is set forth in my previous opinion. *See Mah*, 2019 WL 5537589 at *1.

1

underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Anwar*, 164 F. Supp. 3d at 560 (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Allstate has requested reconsideration of my decision that HSC is not subject to personal jurisdiction in this court. *See* Pls.' Mot. Recons. 1. Allstate concedes that it does not have additional facts to plead connecting Dr. Yoo's actions in New York to HSC, but maintains that its pleadings are sufficient to establish personal jurisdiction, either by consent or under § 302(a)(3)(i) of the New York Civil Practice Law and Rules. *See* Pls.' Mem. of Law in Supp. of Mot. Recons. 1 n.1; 3–11, ECF No. 53 ("Pls.' Br."). Allstate makes the following assertions in support of its motion: (1) arbitration in New York is not a byproduct of treating New York patients and accepting New York insurance because arbitration is not required, *id.* at 3; (2) the cases I relied on in my prior decision are distinguishable because HSC has taken an additional step in New York by initiating arbitration, *id.* at 7–8; (3) a party may consent to jurisdiction in related but not identical legal actions through initiating arbitration, *id.* at 4–6 (citing *Abbacor, Inc. v. Miller*, 2001 U.S. Dist. LEXIS 13385, at *1–2 (S.D.N.Y. Aug. 31, 2001); (4) Dr. Yoo acted on behalf of HSC in New York by filing rebuttal letters in arbitration, Pls.' Reply 3–4, ECF No. 55; and (5) HSC was provided notices which stated that that it could be subject to criminal and civil consequences in New York for any fraudulent conduct, *id.* at 5–6. I address each of these arguments in turn, and find that none form the basis for the exercise of personal jurisdiction.

First, I acknowledge that I was mistaken when I previously stated that New York no-fault insurance law "requires that disputes between medical providers and insurers be resolved through arbitration." *See Mah*, 2019 WL 5537589, at *3. Allstate is correct that what New York law actually requires is that "'[e]very insurer shall provide a claimant with *the option* of submitting any dispute involving the insurer's liability to pay first party benefits . . . to arbitration[.]'" Pls.' Br. 10 (quoting N.Y. Ins. Law § 5106(b)). But Allstate is incorrect in its assertion that this distinction dramatically

2

changes the analysis. The key point is that arbitration is part of the New York no-fault insurance scheme. HSC treated New York patients who had that insurance through Allstate, and pursued a statutorily provided remedy when Allstate denied its claims for reimbursement. By doing so, HSC acted within the ambit of participation in the health insurance program. Participating in a New York-based health insurance program does not constitute a basis for jurisdiction in New York. *See, e.g.*, *Hylton v. N.Y. Methodist Hosp.*, 708 F. Supp. 2d 248, 252 (E.D.N.Y. 2009).

This leads to Allstate's second argument, which is that *Hylton* and other cases I cited in my prior opinion do not apply here because HSC did not just accept New York patients and New York insurance, but also took the additional step of initiating arbitration in New York. *See* Pls.' Br. 7–8 (citing *Yurasov-Lichtenberg v. Betz*, 2016 U.S. Dist. LEXIS 117057 (E.D.N.Y. Aug. 30, 2016); *Hylton*, 708 F. Supp. 2d 248; *Ingraham v. Carroll*, 687 N.E.2d 1293 (N.Y. 1997); *Hermann v. Sharon Hosp., Inc.*, 522 N.Y.S.2d 581 (N.Y. App. Div. 1987)). While I agree that these cases present "factually distinct scenarios," Pls.' Br. 7, they provide a helpful background principle: An out-of-state medical provider is not subject to New York long arm jurisdiction solely on the basis that it treats New York patients or accepts New York insurance. Allstate frames HSC's initiation of arbitration in New York as an additional step that goes beyond merely accepting New York insurance. I disagree, as accepting New York insurance implies that the provider will be allowed to actually receive appropriate payment through the insurance program by following established procedures. Electing a statutorily provided remedy to arbitrate in New York is part of treating New York patients and accepting New York insurance, rather than a separate action which confers jurisdiction.

Allstate's third argument, which was raised previously in its response to the motion to the dismiss, is that HSC consented to jurisdiction by initiating arbitration in New York. Allstate cites a new case, *Abbacor*, 2001 U.S. Dist. LEXIS 13385, at *1–2, for the proposition that initiating arbitration can consent to jurisdiction in a lawsuit involving related but not identical claims. *See* Pl.'s Br. 4–6. But

3

*Abbacor* involves arbitration to enforce a contract provision, followed by a lawsuit between the same parties about the same contract. *See* Abbacor, 2001 U.S. Dist. LEXIS 13385, at *1–2. While I acknowledge that the instant lawsuit is certainly related to the arbitration HSC initiated in New York, this is not a case of an arbitration and a lawsuit both concerning a single document. Initiating arbitration over a denial of reimbursement on an insurance claim is a remedy provided by statute as part of New York no fault insurance law and does not constitute consent to be sued on RICO and fraud allegations in New York.

In its reply, Allstate raises two additional arguments. First, Allstate claims that it can show that Dr. Yoo acted on behalf of HSC in New York because he filed letters in arbitration proceedings explaining the medical necessity of procedures he performed at HSC. Pls.' Reply 3–4. Dr. Yoo filed these letters on the letterhead with an address in Queens, New York. *See id.* As I explained in my prior opinion, Dr. Yoo's status as a part-owner of HSC does not, without more, allow his conduct to be imputed to HSC for jurisdictional purposes. *See Mah*, 2019 WL 5537589, at *4. The fact that HSC submitted these letters as evidence in arbitration proceedings does not allow me to reasonably infer that Dr. Yoo was acting as HSC's agent when he wrote the letters, or during any of his other conduct in New York. In legal proceedings, attorneys routinely will obtain evidence from relevant witnesses who are not acting "on behalf of" a party. Allstate has not, and states that it cannot, plead sufficient facts to allow me to attribute Dr. Yoo's conduct to HSC.

Finally, Allstate argues that personal jurisdiction is proper because when it filed reimbursement claims and arbitration proceedings, HSC was made aware that it could be subject to criminal and civil consequences in New York for any fraudulent conduct. Pl.'s Br. at 4–6. Both the denial of claim and the initiation of arbitration forms include a warning, required by New York law, stating:

> Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a

4

> crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

*See id.* at 5 (quoting N.Y. Ins. Law § 403(d)). Allstate argues that this warning means that "[b]y participating in New York's No-Fault program, HSC consented to—or at least made itself subject to—jurisdiction in this District for matters relating to its submission of No-Fault claims, including the No-Fault claims involved in this action." Pls.' Reply 6. Allstate provides no case law explaining why this warning allows me to exercise jurisdiction, other than a case stating "notions of fairness" should guide jurisdictional determinations. *Id.* (citing *Seiko Time Corp. v. Pascual*, 117 F.R.D. 354, 357 (S.D.N.Y. 1987), *amended by* 117 F.R.D. 359 (S.D.N.Y. 1987)). Presumably, doctors partaking in all types of insurance programs know that insurance fraud is illegal and that they may be subject to civil or criminal penalties. The inclusion of this language on a denial of claim form does nothing to either demonstrate the persistent conduct in New York required for long-arm jurisdiction, or to show that HSC consented to jurisdiction.

While Allstate is correct that there is no precedent governing personal jurisdiction over out-of-state medical providers using New York no-fault insurance, Allstate has not provided sufficient reasons to treat this type of insurance differently from other health insurance programs for the purposes of jurisdiction. Allstate cannot rely on HSC's participation in the New York no-fault health insurance program to establish jurisdiction. As Allstate has plead no other ties between HSC and this district, this court does not have personal jurisdiction over HSC.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is denied and HSC's motion to dismiss is granted. HSC is dismissed from this action for lack of personal jurisdiction.

So ordered.

\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

Dated:   December 4, 2019
        Brooklyn, New York